| | |
|---|---|
| Gerald Singleton (SBN 208783) | Rusty Hardin |
| J. Ross Peabody (SBN 98190) | *Admitted Pro Hac Vice* |
| Singleton Law Firm APC, | TX State Bar No. 08972800 |
| 857 E. Main Street | Ryan Higgins |
| Ventura, California 93001 | *Pro Hac Vice Pending* |
| Tel: (619) 771-3473 | TX State Bar No. 24007362 |
| Fax: (619) 255-1515 | Daniel Dutko |
| Gerald@SLFfirm.com | *Admitted Pro Hac Vice* |
| Ross@SLFfirm.com | TX Bar No. 24054206 |
| | Leah M. Graham |
| | *Admitted Pro Hac Vice* |
| | TX Bar No. 24073454 |
| | Rusty Hardin & Associates, LLP |
| | 1401 McKinney Street, Suite 2250 |
| | Houston, Texas 77010 |
| | Telephone: (713) 652-9000 |
| | Facsimile: (713) 652-9800 |
| | rhardin@rustyhardin.com |
| | rhiggins@rustyhardin.com |
| | ddutko@rustyhardin.com |
| | lgraham@rustyhardin.com |

# UNITED STATES DISTRICT OF CALIFORNIA

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN DORETY INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MICHAEL DORETY | Case No. 2:20-cv-03507-RGK-SK |
| Plaintiff | **FIRST AMENDED COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| PRINCESS CRUISE LINES LTD., | |
| Defendant. | |

/ / /

/ / /

# PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Susan Dorety Individually and on behalf of the Estate of Michael Dorety, and files her First Amended Complaint against Defendant, Princess Cruise Lines LTD (hereinafter, "Princess"), and would respectfully show the Court as follows:

## I. PARTIES

1. Plaintiff Susan Dorety Individually and on behalf of the Estate of Michael Dorety is a resident of Tarrant County, Texas and was a passenger onboard the Grand Princess.

2. Princess Cruise Lines Ltd. is incorporated in Bermuda, with its headquarters in Santa Clarita, California. The action is being filed in this Court pursuant to the terms and conditions of the Passenger Contract issued by Defendant, Princess Cruise Lines, Ltd. Princess Cruise Lines Ltd. may be served via its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 for the reason that there is complete diversity of citizenship between Plaintiff and Princess, and Plaintiff seeks damages in excess of $1,000,000.00 (One Million Dollars) exclusive of interest, costs, and attorney's fees, which greatly exceeds the minimum amount in controversy required by § 1332.

4. The Court has general personal jurisdiction over Princess as Princess' principal place of business is in Los Angeles County, California as such Princess is "at home" in California for purposes of any exercise of personal jurisdiction. In addition, Princess conducts substantial business within the state of California, including operating cruises from ports in San Francisco, San Diego, and Los Angeles. Princess markets cruise vacations to California residents and employs thousands of California residents to work at its California headquarters. It was foreseeable at all times that Princess could be hauled into court in the State of California for conduct that caused injuries; in fact, Princess'

Passenger Contract requires claimants like Plaintiff in this action, to bring suit to vindicate personal injury claims in the United States District Court for the Central District of California. At all times hereto, Princess owned and operated the cruise ship the Grand Princess.

5. Susan Dorety and Michael Dorety were passengers aboard the Grand Princess which departed out of San Francisco on February 21, 2020 and was anchored off the coast of San Francisco from March 4-9, 2020, as a result of an outbreak of COVID-19. The exercise of personal jurisdiction over Princess by this Court comports with due process and is consistent with traditional notions of fair play and substantial justice.

### III.  FACTUAL BACKGROUND

6. In the months preceding the filing of this Complaint, there was a worldwide outbreak of a new strain of the Coronavirus. This new strain is commonly known as COVID-19. The virus began in China in December 2019, and quickly spread throughout Asia and Europe. Most recently, it spread throughout North America. The virus causes fatigue, fever, loss of appetite, loss of smell, loss of taste, and a dry cough. Coronavirus can be fatal, especially in people over sixty years of age. As of the date of this filing, here are over 1,900,000 cases worldwide and over 110,000 deaths as result of COVID-19. The fatalities are largely amongst the elderly population and others with underlying medical complications.

7. COVID-19 gained increased public attention when the Diamond Princess cruise ship (also owned and operated by Defendant) suffered an outbreak of the disease in early February 2020 in Yokohama, Japan. The outbreak began with ten cases and rapidly multiplied to 700 cases, as a result of the flawed two-week quarantine on the ship. The Center for Disease Control issued a statement on February 18, 2020, that said "the rate of new reports of positives new on board [the Diamond Princess], especially among those without symptoms, highlights the high burden of infection on the ship and potential for ongoing risk." Seven of Defendant's passengers died as a result of COVID-19 on the Diamond Princess cruise ship.

8. When the Princess' Grand Princess cruise ship left San Francisco on February 21, 2020, it was carrying 2,421 passengers and 1,113 crew members. It would only stand to reason, having experienced such a traumatic outbreak on board one of its vessels less than a month prior to the February 21, 2020 voyage that Princess would have learned to take all necessary precautions to keep its passengers, crew, and the general public safe. Unfortunately, Princess did nothing to ensure the safety of its passengers, including Susan Dorety and Michael Dorety.

**A. Susan and Michael Dorety**

9. Susan and Michael Dorety Grew up in Irving, Texas. Susan met Michael when she was working at a bank and he was a firefighter. They fell in love, married, and raised 2 children. Michael retired after 39 years as a firefighter. For their 40th wedding anniversary, they decided to take the February 21, 2020 Princess' Grand Princess cruise out of San Francisco, California.

10. As Susan and Michael Dorety boarded the Grand Princess cruise ship, they did not know that Princess had knowledge that at least two of its passengers from the prior voyage who disembarked the Grand Princess on February 21, 2020 had symptoms of coronavirus. Susan and Michael Dorety were also unaware that there were 62 passengers on board the February 21, 2020 cruise who remained on board after the conclusion of the prior voyage. Those 62 carry-over passengers were exposed to the passengers that were infected with COVID-19.

11. After several days on the cruise, Princess removed the buffets, removed the salt and pepper shakers, and required its employees to wear gloves. Princess continued to hold shows and community events. Eventually Princess cancelled the shows but continued with community events such as bingo. Finally, after almost two weeks, Princess quarantined the guests to their rooms.

12. After the Grand Princess cruise ship docked in Oakland, Michael Dorety developed symptoms of COVID-19. Susan Dorety called the emergency number of the Grand Princess cruise ship, as she was told to do if anyone developed symptoms of

PLAINTIFF'S FIRST AMENDED COMPLAINT                              2:20-CV-03507-RGK-SK

Coronavirus. The Princess representative told Susan Dorety they would make a report and get back to her. They never did. Susan Dorety called Princess' emergency number three times that day and her husband received no medical attention.

13. The next day, Michael Dorety could not get out of bed. Susan Dorety kept calling Princess' emergency number and received no help. At one point when Michael Dorety was shivering under several blankets and sweating profusely, Princess asked how Susan Dorety knew her husband actually had a fever.

14. Eventually, Susan Dorety convinced Princess to send the doctor. He showed up, confirmed that Michael Dorety had a fever, gave Susan Dorety some Tamiflu and Tylenol for her husband, and left. At this point, Michael Dorety was nonresponsive.

15. As Michael Dorety's condition worsened, Susan Dorety became more and more upset. Eventually, she convinced Princess to let them off the ship so they could see the medical personnel the CDC had on the dock. When she finally got Michael Dorety off the ship, almost three days after his symptoms developed, the CDC looked at him alarmed and asked why she did not bring him sooner. She explained that she spent the last two days trying to get Princess to let him off the ship.

16. Michael Dorety was immediately taken to a hospital where he spent days suffering in agony. Michael Dorety tested positive for COVID-19 and struggled to stay alive. When Michael Dorety died, he was all alone. The doctor called Susan Dorety to tell her that her husband was dying. Susan Dorety and her children listened as the doctor counted down Michael Dorety's heartbeats until he was gone. Michael Dorety died alone.

## IV. CLAIMS FOR RELIEF

Negligence

17. Plaintiff re-alleges all allegations in paragraphs 7 through 16 above as if alleged fully herein.

18. Princess owed Susan and Michael Dorety, who were paying passengers who boarded the Grand Princess on February 21, 2020, the duty to ensure that they would not

be exposed to unreasonable risk of harm that Princess knew or should have known about while sailing on its vessel.

19. Princess breached that duty. It had knowledge that at least two of its passengers from the prior voyage who disembarked the Grand Princess early on February 21, 2020 had symptoms of Coronavirus. Despite that, Princess made the conscious decision to continue sailing the next voyage of the Grand Princess, which began later on February 21, 2020 with another 3,534 passengers and crew on an infected ship.

20. Princess was aware of at least two passengers who disembarked its ship on February 21, 2020 in San Francisco, had symptoms of the Coronavirus. It went as far as to send emails on Wednesday, February 25, 2020 to passengers who disembarked the Grand Princess on February 21, 2020 notifying them of the potential of exposure to the coronavirus while onboard their cruise.

21. To make matters even worse, there were 62 passengers on board the cruise, who remained on board after the conclusion of the prior voyage. Those 62 carry-over passengers were exposed to the passengers that were confirmed to be infected; some of the infected passengers to whom the carry-over passengers were exposed later died from coronavirus.

22. In continuing to sail with another 3,534 passengers and crew (including Susan and Michael Dorety), on the cruise that began on February 21, 2020, knowing that some of those passengers and crew had already been exposed to COVID-19, Princess exposed Susan and Michael Dorety to actual risk of immediate physical injury.

23. Princess is further negligent in failing to have proper screening protocols for COVID-19 before boarding the passengers on the voyage. Despite the knowledge and experience it had with the outbreak of the disease on the Diamond Princess just a mere three weeks prior to the February 21, 2020 cruise, Princess did not have proper screening protocol in place to minimize the risk of exposure of the disease to its passengers and crew.

24. Prior to boarding the February 21, 2020 sailing on the Grand Princess, passengers were simply asked to fill out a piece of paper confirming they were not sick.

No passenger was questioned or examined in any capacity. Incredibly, not one of those 62 passengers or crew members who were mixing and mingling with the infected prior passengers were ever examined during the instant voyage until being tested for the virus on Thursday, March 5, 2020, two weeks after the ship sailed.

25.  Princess is further negligent in failing to adequately warn Susan and Michael Dorety about the potential exposure to COVID-19 prior to boarding the ship on February 21, 2020, and again during the sailing of said cruise. Defendant had actual knowledge of at least two passengers who sailed on its ship the week prior, disembarked with symptoms of coronavirus, and one confirmed death as a result. Princess also knew that there were 62 passengers and crew who were onboard that same cruise, who later boarded the Grand Princess with Susan and Michael Dorety, and failed to inform Susan and Michael Dorety at any time prior to boarding or while they were already onboard, that there was an actual risk of exposure to COVID-19.

26.  Princess failed to inform Susan and Michael Dorety that a crew member aboard their cruise actually disembarked in Hawaii as a result of COVID-19. If Susan and Michael Dorety had knowledge of this actual risk of exposure prior to boarding, they would have never boarded the ship. If they were informed of the risk on February 25, 2020, when the former passengers were notified by email, Susan and Michael Dorety would have disembarked at the first port of call in Honolulu on February 26, 2020. Due to Princess' outright negligence in failing to warn Susan and Michael Dorety of the actual risk of exposure to COVID-19 aboard its infected ship, Susan and Michael Dorety were quarantined in their cabin along with the rest of the passengers and crew, off the coast of San Francisco, anxiously awaiting their fate, for over six days.

27.  Princess is further negligent in failing to timely remove Michael Dorety from the ship after repeated pleas from Susan Dorety and after Michael Dorety exhibited signs and symptoms of COVID-19.

28. As a result of Princess's lackadaisical approach to the safety of Susan and Michael Dorety as well as the other passengers, and crew aboard the Grand Princess, Michael Dorety died.

## Gross Negligence

29. Plaintiff re-alleges all allegations set out in paragraphs 7 through 28 above as if alleged fully herein.

30. Princess' conduct in deciding to continue to sail the Grand Princess knowing that the ship was infected from two previous passengers who came down with symptoms of COVID-19, and had 62 passengers on board who were previously exposed to those two infected individuals, along with the prior crew, shows a lack of any care on the part of Princess, amounting to gross negligence. Princess knew how dangerous it was to expose Susan and Michael Dorety and the rest of its passengers to COVID-19 in light of its experience with the Diamond Princess a short three weeks prior, and yet it departed from what a reasonably careful cruise line would do under the circumstances in continuing to sail with Susan and Michael Dorety.

31. Princess' conduct in failing to warn Susan and Michael Dorety of their actual risk of harm in being exposed to COVID-19, either prior to boarding or while they were already on board, in light of the prior passenger who came down with symptoms and later died, along with others who came down with symptoms from that prior voyage, and the crew member who disembarked during this voyage due to COVID-19, amounts to an extreme departure of a what a reasonably careful cruise line would do, in light of that fact that Susan and Michael Dorety are in the age group most susceptible to death from COVID-19.

32. Princess chose to place profits over the safety of its passengers, crew, and the general public in continuing to operate business as usual, despite their knowledge of the actual risk of injury to Susan and Michael Dorety, who are in the age group most susceptible to death from COVID-19

/ / /

## V. INJURIES AND DAMAGES

33. Susan Dorety is a wrongful death beneficiary and seeks all available damages recoverable by law resulting from the death of Michael Dorety. Susan Dorety sustained, and continues to sustain, damages, among other things, for loss of society, companionship, pecuniary loss, loss of inheritance, loss of consortium, and mental anguish as a result of the death of Michael Dorety.

34. Susan Dorety seeks damages for Michael Dorety's conscious pain and suffering and pain and mental anguish from the time of the occurrence to his death as a result of the facts alleged herein.

35. Plaintiff is seeking all damages allowed by law in an amount greater than one million dollars ($1,000,000).

## VI. JURY DEMAND

36. Plaintiff formally make this demand and application for a jury trial in this lawsuit.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Princess be cited to appear and answer herein, and that upon final trial, Plaintiff recover of Princess both actual and exemplary damages, as set forth above, and costs of court, pre-judgment and post-judgment interest, and expenses, and such other and further relief to which Plaintiff may show herself justly entitled.

Dated: June 15, 2020

SINGLETON LAW FIRM, APC
By: */s/Gerald Singleton*
Gerald Singleton

Attorneys for Plaintiffs