Jeffrey B. Maltzman, CA Bar No. 131758
Edgar R. Nield, CA Bar No. 135018
Gabrielle De Santis Nield, CA Bar No. 110930
Rafaela P. Castells, CA Bar No. 290828
MALTZMAN & PARTNERS, P.A.
681 Encinitas Boulevard, Suite 315
Encinitas, CA 92024
Telephone: (760) 942-9880
Facsimile:  (760) 942-9882
jeffreym@maltzmanpartners.com
edn@maltzmanpartners.com
gabn@maltzmanpartners.com
rafaelac@maltzmanpartners.com

Attorneys for Defendant, PRINCESS CRUISE LINES, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN DORETY INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MICHAEL DORETY, <br><br> Plaintiffs, <br><br> vs. <br><br> PRINCESS CRUISE LINES, LTD., <br><br> Defendant. | CASE NO.: 2:20-CV-03507-RGK-SK <br><br> **DEFENDANT PRINCESS CRUISE LINE LTD.'S MOTION TO DISMISS** <br><br> Date:  August 31, 2020 <br> Time: 9:00 a.m. <br> Judge: Hon. R. Gary Klausner <br> Courtroom: 850 <br><br> Magistrate: Hon. Steve Kim <br> Filed:  04/15/2020 |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. LEGAL STANDARD .......................................................................................... 2

III. MEMORANDUM OF LAW ................................................................................ 3

    A. Federal Maritime Law Applies to Plaintiffs' Claims .............................. 3

    B. Susan Dorety's Individual Claims Fail to Adequately Plead Negligence ................................................................................................. 3

    C. Plaintiffs Have Not Alleged Sufficient Facts to Establish Standing to Bring a Wrongful Death Claim ............................................ 5

    D. The First Amended Complaint Is an Impermissible Shotgun Pleading .................................................................................................... 7

IV. CONCLUSION .................................................................................................... 8

MALTZMAN & PARTNERS
681 ENCINITAS BOULEVARD, SUITE 315
ENCINITAS, CA 92024
TELEPHONE: (760) 942-9880 FAX: (760) 942-9882

# TABLE OF AUTHORITIES

Cases

*Adamson v. Port of Bellingham*, 907 F.3d 1122 (9th Cir. 2018)..................................3

*Alcabasa v. Korean Air Lines Co., Ltd.,* 62 F.3d 404 (D.C. Cir. 1995) ......................6

*Almarou v. Robbins,* 2019 WL 7945592 (C.D. Cal. Nov. 5, 2019) ............................6

*Anderson v. District Board of Trustees,* 77 F.3d 364 (11th Cir.1996).......................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................................................2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).......................................................2

*Bodden v. American Offshore, Inc*., 681 F.2d 319 (5th Cir.1982) .............................5

*Brigg v. Walker,* 171 U.S. 466 (1898) ........................................................................6

*Byrd v. Guess*, 137 F.3d 1126 (9th Cir. 1998)............................................................6

*Destfino v. Kennedy*, 2008 WL 4810770 (E.D. Cal. Nov. 3, 2008) ...........................7

*Dooley v. Korean Air Lines Co., Ltd*., 524 U.S. 116 (1998) ......................................5

*Helman v. Alcoa Global Fasteners, Inc*., 843 F. Supp. 2d 1038 (C.D. Cal. 2011).....5

*In re Air Crash Disaster Off Coast of Nantucket Island, Massachusetts on October 31, 1999,* 2010 WL 1221401 (E.D.N.Y. Mar. 29, 2010) ..................................6

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995)..3

*Mason v. County of Orange,* 251 F.R.D. 562 (C.D.Cal.2008)...................................7

*Nicholson v. City of Los Angeles*, 935 F.3d 685 (9th Cir. 2019)................................6

*Professor Brainstorm, LLC v. Aronowitz*, 2009 WL 10675891 (C.D. Cal. Dec. 8, 2009)..............................................................................................................4

*ProPortion Foods, LLC v. Master Prot., LP*, 2019 WL 8137705 (C.D. Cal. Sept. 25, 2019) (California law) ................................................................................4

*Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948 (9th Cir. 2011) .....................4

*Sollberger v. Wachovia Securities LLC*, 2010 WL 2674456 (C.D. Cal. June 30, 2010)..............................................................................................................7

*Spindler v. California*, 2020 WL 2559442 (C.D. Cal. Jan. 20, 2020).........................7

*Stanislaus Food Products Co. v. USS-POSCO Industries*, 2010 WL 3521979 (E.D. Cal. Sept. 3, 2010) .......................................................................................7

*Taghadomi v. United States*, 401 F.3d 1080 (9th Cir. 2005) .....................................3

*Tatum v. City and County of S.F.*, 441 F.3d 1090 (9th Cir. 2006) .............................. 6

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363 (9th Cir. 1992) .................................................................................................................. 3

*Wilkinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560 (11th Cir. 1991) ................ 3

*Williams v. United States*, 711 F.2d 893 (9th Cir.1983) ............................................. 3

Statutes

46 U.S.C.A. §30302 ...................................................................................................... 5

Rules

Fed R Civ Pro 8 ............................................................................................................ 8

Fed R Civ Pro 8(a) ....................................................................................................... 2

Fed. Rule Civ Pro 12(b)(6) .......................................................................................... 2

L.R. 7-3 ......................................................................................................................... 1

Codes

Cal. Civ. Proc. §377.32 ................................................................................................ 6

Defendant, PRINCESS CRUISE LINES, LTD. hereby files this Motion to Dismiss the First Amended Complaint filed by Plaintiffs herein. For the reasons set forth below, Plaintiffs' First Amended Complaint (ECF No. 32) should be dismissed.

This motion is made following several conferences of counsel pursuant to L.R. 7-3 which took place on June 10, 2020, July 2, 2020 and July 8, 2020.

## I. INTRODUCTION

This case should be dismissed because the Plaintiff fails to allege any facts to support a claim for relief on her own behalf and because she lacks standing to sue on behalf of the decedent or his estate. This is a maritime wrongful death case brought by Plaintiff Susan Dorety individually and on behalf of the Estate of Michael Dorety. The First Amended Complaint contains two counts: Negligence and Gross Negligence. The Doretys were aboard the *Grand Princess* cruise that began on February 21, 2020 in San Francisco, California. (Am. Compl. ¶ 9.) Among their theories, Plaintiffs allege that Defendant was negligent in failing to warn about the potential exposure to COVID-19 "during the sailing of said cruise," and that Defendant failed to inform Plaintiffs of the risk of actual exposure to COVID-19 "while they were already onboard." (Am. Compl. ¶25.) Plaintiffs allege that as a result of Defendant's alleged negligence, Michael Dorety was medically evacuated to a shoreside medical facility where he ultimately died after testing positive for COVID-19. (Am. Compl. ¶16 and 28). The First Amended Complaint does not allege that Susan Dorety sustained any personal injuries. (*Compare* Compl., ¶28 (ECF No. 1); *and* Am. Compl., ¶¶ 33-35 (ECF No. 32)).

The First Amended Complaint should be dismissed for several reasons. First, Plaintiff Susan Dorety does not allege any individual personal injury damages. Despite allegations as to her individual capacity within both the Negligence and Gross Negligence causes of action, Susan Dorety does not allege any personal injury damages on behalf of herself as an individual resulting from the alleged negligence.

1

(*See* Am. Compl., ¶¶ 18, 22, 25, 26, 27, 28, 31, and 32.) As Susan Dorety has not alleged any damages as an individual relating to her negligence claim, she fails to allege the elements of a Negligence (and Gross Negligence) claim.

Second, regardless of whether the Death on the High Seas Act ("DOHSA") or California state law applies, Plaintiffs have failed to plead sufficient facts to establish standing. Plaintiffs have pled no facts establishing that Susan Dorety has been appointed the personal representative of the Estate of Michael Dorety or that Susan Dorety is Michael Dorety's successor in interest.

Third, Plaintiffs' Complaint is an impermissible shotgun pleading that runs afoul of Rule 8's pleading requirement. This independent basis for dismissal deprives Defendants of knowing exactly what they are accused of doing wrong.

The Court should dismiss the First Amended Complaint and Plaintiffs' claims against PRINCESS.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

Federal Rule of Civil Procedure 8(a) states that in order for a pleading to state a claim for relief it must contain, "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which

2

may include relief in the alternative or different types of relief."

### III. MEMORANDUM OF LAW

#### A. Federal Maritime Law Applies to Plaintiffs' Claims

Plaintiffs have alleged that Defendant was negligent in failing to warn about the potential exposure to COVID-19 "during the sailing of said cruise," and that Defendant failed to inform Plaintiffs of the risk of actual exposure to COVID-19 "while they were already onboard." (Am. Compl. ¶25.) Maritime law applies when "(1) the alleged wrong occurred on or over navigable waters, and (2) the wrong bears a significant relationship to traditional maritime activity." *Williams v. United States*, 711 F.2d 893, 896 (9th Cir.1983). "'[V]irtually every activity involving a vessel on navigable waters" is a "traditional maritime activity sufficient to invoke maritime jurisdiction." *See Taghadomi v. United States*, 401 F.3d 1080, 1087 (9th Cir. 2005) ((quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 542 (1995))). When a case falls within a court's maritime jurisdiction, "'[s]ubstantive maritime law'"—not state law—"controls the claim, 'whatever the forum or asserted basis of jurisdiction.'" *Adamson v. Port of Bellingham*, 907 F.3d 1122, 1125-26 (9th Cir. 2018) (alteration in original) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 366 n.1 (9th Cir. 1992)); *see also Wilkinson v. Carnival Cruise Lines, Inc.,* 920 F.2d 1560, 1654 n. 10 (11th Cir. 1991) ("In maritime tort cases such as this one, in which injury occurs aboard a … ship upon navigable waters, federal maritime law governs the substantive legal issues.").[1]

#### B. Susan Dorety's Individual Claims Fail to Adequately Plead Negligence

A cause of action for negligence requires four elements: (1) duty, (2) breach, (3) causation, and (4) damages. *See ProPortion Foods, LLC v. Master Prot., LP*, 2:19-CV-01768-R-AGR, 2019 WL 8137705, at *2 (C.D. Cal. Sept. 25, 2019)

---

[1] Plaintiffs' Passage Contract applicable to their voyage similarly invokes maritime law. *See*, https://www.princess.com/legal/passage_contract/plc.html at Section 1.

(California law); *Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) (maritime law). Though Plaintiff Susan Dorety purports to also sue in her individual capacity, she has failed to allege any individual damages stemming from Defendant's alleged breach of duty to her individually, as opposed to Michael Dorety.

Plaintiffs' First Amended Complaint contains only two numbered paragraphs identifying what injuries and damages Plaintiffs are alleging. (*See* Am. Compl. ¶¶ 33 & 34.) First, Plaintiffs allege that Susan Dorety is a "wrongful death beneficiary" and that she "sustained and continues to sustain damages," "as a result of the death of Michael Dorety." (*Id.* at ¶33.) Second, Plaintiffs allege that "Susan Dorety seeks damages for Michael Dorety's conscious pain and suffering...from the time of the occurrence to his death." (*Id. at* ¶34.)

These claimed damages—which stem exclusively from Michael Dorety's death—have no causal relation to Plaintiff's underlying allegations that Defendant "owed Susan" Dorety a "duty," and that Defendant "failed to adequately warn Susan" or "failed to inform Susan." (*See* Am. Compl. ¶¶ 18, 25, and 26.) In other words, while Susan Dorety has arguably pled duty and breach, she has not pled any individual damages based upon that breach. Having failed to plead damages, Plaintiff Susan Dorety also fails to satisfy the element of causation. It is axiomatic that to establish causation of damages, one must plead damages. Susan Dorety cannot establish a colorable negligence claim without alleging what her damages were and how they were caused. "To survive a motion to dismiss a plaintiff must provide the grounds of his entitlement to relief." *Professor Brainstorm, LLC v. Aronowitz*, CV0905644RGKSSX, 2009 WL 10675891, at *3 (C.D. Cal. Dec. 8, 2009). Because Plaintiffs have failed to allege damages causally related to the alleged negligence, Susan Dorety's individual claims of Negligence and Gross Negligence must be dismissed for failure to state a claim.

/ / /

### C. Plaintiffs Have Not Alleged Sufficient Facts to Establish Standing to Bring a Wrongful Death Claim

Plaintiffs have failed to plead the required facts to establish standing for a wrongful death claim under any legal schema. Regardless of whether the Death on the High Seas Act ("DOHSA") or California state law applies, Plaintiffs have failed to plead sufficient facts to establish that Susan Dorety has been appointed the personal representative of the Estate of Michael Dorety or that Susan Dorety is Michael Dorety's successor in interest. The Court need not determine which law applies at this time in order to conclude that Plaintiffs have failed to plead the required facts to establish standing.

The Death on the High Seas Act ("DOHSA") provides that only "the personal representative of the Decedent may bring a civil action in admiralty against the person or vessel responsible," and that such action "shall be for the exclusive benefit of the Decedent's spouse, parent, child, or dependent relative." 46 U.S.C.A. §30302 (West). "When the incident takes place outside the three-mile limit, DOHSA and DOHSA alone controls. By authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the *exclusive recovery* for deaths that occur on the high seas." *Helman v. Alcoa Global Fasteners, Inc*., 843 F. Supp. 2d 1038, 1041 (C.D. Cal. 2011) (internal citations omitted); *See also Bodden v. American Offshore, Inc*., 681 F.2d 319, 329 (5th Cir.1982); *Dooley v. Korean Air Lines Co., Ltd*., 524 U.S. 116, 123, 118 S.Ct. 1890, 141 L.Ed.2d 102 (1998). A "personal representative is by definition a court-appointed executor or administrator of an estate, not merely an heir." *Helman v. Alcoa Global Fasteners, Inc*., 843 F. Supp. 2d 1038, 1042 (C.D. Cal. 2011) (internal citations and quotations omitted). In *Helman*, the court deemed plaintiffs who alleged standing as "individuals," as "successors-in-interest" and through their "guardian ad litem" lacked standing to bring DOHSA claims. Courts have uniformly recognized, a "personal representative" is an individual "empowered

by law to administer the decedent's estate." *In re Air Crash Disaster Off Coast of Nantucket Island, Massachusetts on October 31, 1999,* No. MD-00-1344 (BMC), 2010 WL 1221401, *5 (E.D.N.Y. Mar. 29, 2010); *see also Alcabasa v. Korean Air Lines Co., Ltd.,* 62 F.3d 404, 407 (D.C. Cir. 1995) ("[A] 'personal representative' is by definition a court-appointed executor or administrator of an estate, not merely an heir," citing *Brigg v. Walker,* 171 U.S. 466 (1898)).

Here, Plaintiffs have not alleged that Susan Dorety has been appointed the personal representative of the estate of Michael Dorety. Plaintiffs therefore have not alleged facts to support standing for the purpose of bringing a DOHSA claim on behalf of the Estate of Michael Dorety.

Standing is also lacking even if DOHSA does not apply. "Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law." *Tatum v. City and County of S.F.*, 441 F.3d 1090, 1094, n.2 (9th Cir. 2006). To satisfy California's requirements, a plaintiff must submit an affidavit or declaration attesting to the fact that he or she is the decedent's successor in interest and attach the decedent's death certificate. Cal. Civ. Proc. §377.32; *see also Almarou v. Robbins,* CV 18-04908-CJC, 2019 WL 7945592, at *2 (C.D. Cal. Nov. 5, 2019). A plaintiff bears the burden of demonstrating that they meet the requirements for bringing a survival action. *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998), *overruled on other grounds by Nicholson v. City of Los Angeles*, 935 F.3d 685, 696 (9th Cir. 2019); *see also Almarou,* 2019 WL 7945592, at *2.

The First Amended Complaint incorporates none of the required affidavits or declarations delineated above. Plaintiffs have neither alleged that Susan Dorety is the personal representative of the Estate of Michael Dorety, nor have they alleged in any meaningful way that Susan Dorety is the successor in interest to Michael Dorety. Additionally, Plaintiffs have not submitted the required affidavit or

declaration. The First Amended Complaint thus does not allege sufficient facts to establish Susan Dorety's standing to bring a wrongful death claim on behalf of Michael Dorety.

For the foregoing reasons, the claims on behalf of Michael Dorety's Estate should be dismissed without prejudice and with leave to amend once Plaintiffs can establish that either Susan Dorety or someone else has lawsuit standing to bring such claims.

### D. The First Amended Complaint Is an Impermissible Shotgun Pleading

The Court should also dismiss the First Amended Complaint because it is a shotgun pleading. Plaintiffs have incorporated, in each of their claims, all of the previous paragraphs in the Complaint. (*See* Am. Compl. ¶ 29.) This practice of "shotgun" pleading has been censured by the courts. *See Spindler v. California*, CV 18-8712-JLS(E), 2020 WL 2559442, at *5 (C.D. Cal. Jan. 20, 2020); *see also Stanislaus Food Products Co. v. USS-POSCO Industries*, 2010 WL 3521979, at *31 n.16 (E.D. Cal. Sept. 3, 2010) ("Allegations, however, which incorporate each preceding paragraph, regardless of relevancy, are not permitted."); *Destfino v. Kennedy*, 2008 WL 4810770, at *3 (E.D. Cal. Nov. 3, 2008), *aff'd*, 630 F.3d 952 (9th Cir. 2011) ("This practice [of wholesale incorporation of prior allegations] has been harshly criticized as a form of 'shotgun pleading' which violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice.") (citation omitted); *Sollberger v. Wachovia Securities LLC*, 2010 WL 2674456, at *4-5 (C.D. Cal. June 30, 2010) (shotgun pleading whereby each count incorporates every antecedent allegation by reference "deprives Defendants of knowing exactly what they are accused of doing wrong," and "alone warrants dismissal"). "The Court has recognized that allowing shotgun pleadings would lead to many negative consequences." *See Sollberger*, 2010 WL 2674456, at *4, *see also Mason v. County of Orange,* 251 F.R.D. 562, 563–64 (C.D.Cal.2008) (quoting *Anderson v. District Board of Trustees,* 77 F.3d 364, 366–67 (11th

Cir.1996)) ("[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). Here Plaintiffs' incorporation of all preceding paragraphs is violative of Rule 8's pleading requirements and therefore warrants dismissal.

## IV. CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its Motion and dismiss this case.

DATED: July 9, 2020                     MALTZMAN & PARTNERS

By:     *s/ Jeffrey B. Maltzman*
        Jeffrey B. Maltzman
        Rafaela P. Castells
        Edgar R. Nield
        Gabrielle De Santis Nield
        *Attorneys for Defendant,*
        *Princess Cruise Lines Ltd.*

MALTZMAN & PARTNERS
681 Encinitas Boulevard, Suite 315
Encinitas, CA 92024
Telephone: (760) 942-9880 Fax: (760) 942-9882

8
DEFENDANT'S MOTION TO DISMISS                     2:20-CV-03507-RGK-SK