UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03507-RGK-SK | Date | September 17, 2020 |
|---|---|---|---|
| Title | ***Susan Dorety v. Princess Cruise Lines Ltd.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 35]**

## I.     INTRODUCTION

This case arises out of the COVID-19 outbreak on the *Grand Princess*—a cruise ship operated by Princess Cruise Lines, Ltd. ("Princess Cruises" or "Defendant"). The *Grand Princess* departed out of San Francisco for Hawaii on February 21, 2020, during the early days of the COVID-19 pandemic in America. The ship had 3,533 people on board: 2,422 passengers and 1,111 crew. As of March 6, 46 people on the ship had been tested, and 21 tested positive—numbers which would rise precipitously in the coming weeks.

On April 15, 2020, Plaintiff Susan Dorety ("Plaintiff" or "Mrs. Doherty") filed this lawsuit against Princess Cruises alleging negligence and gross negligence. Plaintiff and her husband, Michael Dorety ("Mr. Dorety") were passengers on the *Grand Princess*. Plaintiff alleges that Mr. Dorety died after contracting COVID-19 on the ship. Plaintiff seeks damages "for loss of society, companionship, pecuniary loss, loss of inheritance, loss of consortium, and mental anguish as a result of the death of Michael Dorety." (FAC ¶ 33, ECF No. 33.) Plaintiff also seeks damages for Mr. Dorety's pain and suffering and punitive damages.

Presently before the Court is Defendant's Motion to Dismiss. For the following reasons, the Court **GRANTS in part** Defendant's Motion.

## II.     FACTUAL BACKGROUND

Mr. and Mrs. Doherty were passengers aboard the *Grand Princess* when it departed from San Francisco on February 21, 2020 bound for Hawaii. Before February 21, the *Grand Princess* had been on a roundtrip cruise from San Francisco to Mexico. The Mexico cruise departed on February 11 and was scheduled to return to San Francisco on February 21. At that time, the plan was for the *Grand Princess*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-03507-RGK-SK | Date | September 17, 2020 |
|---|---|---|---|
| Title | ***Susan Dorety v. Princess Cruise Lines Ltd.*** | | |

to off-load all but 62 passengers from the Mexico cruise and then onboard the passengers for the Hawaii cruise. The problem, however, was that some of the passengers on the Mexico cruise were infected with SARS-CoV-2, the virus which causes COVID-19.

When the *Grand Princess* departed, it continued to hold shows and community events as usual. Eventually, however, Princess Cruises quarantined guests to their rooms. When the ship docked in Oakland, California, Mr. Dorety began experiencing symptoms of COVID-19. Mrs. Doherty called the emergency number provided by the ship and a representative told Mrs. Doherty that they would make a report and get back to her. They never did. Mrs. Dorety called the emergency number three times that day, yet her husband received no medical attention.

The next day, Mr. Dorety could not get out of bed. Mrs. Dorety kept calling the ship's emergency number but received no help. Eventually, Mrs. Dorety convinced someone to send a doctor. The doctor confirmed that Mr. Dorety had a fever, gave Mrs. Dorety Tamiflu and Tylenol for her husband, and left. At this point, Mr. Doherty was nonresponsive.

As Mr. Dorety's condition worsened, Mrs. Doherty became more and more upset. Eventually, she convinced Princess Cruises to let them off the ship so that they could see the medical personnel that the United States Centers for Disease Control and Prevention ("CDC") had on the deck. When she finally got Mr. Dorety off the ship, almost three days after his symptoms developed, the CDC looked at him alarmed and asked Mrs. Doherty why she did not bring him sooner. She explained that she spent the last two days trying to get Princess Cruises to let him off the ship. Mr. Dorety was immediately taken to a hospital. He tested positive for COVID-19 and struggled to stay alive. When Mr. Dorety died, he was all alone. The doctor called Mrs. Dorety to tell her that her husband was dying. She and her children listened as the doctor counted down Mr. Dorety's heartbeats until he was gone.

## III.   JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03507-RGK-SK | Date | September 17, 2020 |
|----------|----------------------|------|--------------------|
| Title | ***Susan Dorety v. Princess Cruise Lines Ltd.*** | | |

legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV.   <u>DISCUSSION</u>

Defendant argues that Plaintiff's Complaint must be dismissed because (1) Plaintiff has not alleged sufficient facts to establish standing to bring a wrongful-death claim; (2) Plaintiff has failed to state a claim for negligence in her individual capacity; and (3) the FAC is an impermissible shotgun pleading. The Court addresses each argument in turn.

### A.   <u>Whether Plaintiff Has Established Standing to Bring a Claim for Wrongful Death</u>

Defendant argues that Plaintiff lacks standing to bring a wrongful-death claim on behalf of Mr. Dorety because she has not pled sufficient facts to establish that she was appointed the personal representative of the Estate of Michael Dorety, as required by the Death on the High Seas Act ("DOHSA"). Alternatively, if California law applies, Defendant argues that Plaintiff has not satisfied California's requirements for bringing a survival action.

The first question is whether DOHSA applies in this case. DOHSA provides that "[w]hen the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas *beyond 3 nautical miles from the shore of the United States*, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible." 46 U.S.C. § 30302 (emphasis added). Here, Plaintiff argues that DOHSA is inapplicable because "all the negligent and wrongful acts causing injury to Plaintiff[] and resulting in the death of Michael Dorety occurred while [the *Grand Princess*] was in the territorial waters of California." (Opp. at 2, ECF No. 36.) But Plaintiff misreads DOHSA. In determining whether DOHSA applies, courts look to "the site of [the] accident on the high seas, not [] where the death actually occurs or where the wrongful act causing the accident may have originated." *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1348 (9th Cir. 1987), *opinion modified on reh'g*, 866 F.2d 318 (9th Cir. 1989). In this case, the relevant site would be the place where Mr. Doherty contracted COVID-19. *See Moyer v. Rederi*, 645 F. Supp. 620, 628 (S.D. Fla. 1986) (applying DOHSA where plaintiff suffered a heart attack while snorkeling in foreign territorial waters and subsequently

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-03507-RGK-SK | Date | September 17, 2020 |
|---|---|---|---|
| Title | ***Susan Dorety v. Princess Cruise Lines Ltd.*** | | |

died on land; "The key operative fact... is that the decedent's illness commenced while he was participating in the snorkeling expedition; i.e., while he was on the high seas, as defined by DOHSA, in connection with an activity bearing a substantial relationship to a traditional maritime activity—the operation of a cruise ship on the high seas.")

Here, Plaintiff's Complaint specifies where the *Grand Princess* was located when Mr. Doherty first began experiencing symptoms of COVID-19, but it does not specify where the *Grand Princess* was located when Mr. Doherty contracted the disease. Because the Complaint does not allege whether the ship was located on the high seas or in territorial waters when Mr. Doherty contracted COVID-19, the Court cannot determine whether DOHSA applies. The Court therefore dismisses Plaintiff's survival claim without prejudice, so that Plaintiff can remedy this deficiency. Any amended Complaint must specify whether the *Grand Princess* was on the high seas more than three nautical miles from the United States when Mr. Doherty contracted COVID-19.

### B.   Whether Plaintiff Has Stated a Claim for Negligence

Plaintiff's claims sound in negligence. Thus, Plaintiff must allege (1) that the defendant owed a duty of care to the plaintiff, (2) the defendant's breach of that duty, (3) injury sustained by the plaintiff, and (4) a causal connection between the defendant's conduct and the plaintiff's injury. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1070 (9th Cir. 2001). Here, Defendant contends that Plaintiff fails to state a claim for negligence in her individual capacity because she fails to allege any individual damages stemming from Defendant's negligence. Plaintiff counters that Plaintiff seeks individual damages for loss of society, loss of consortium, pecuniary loss, and mental anguish. (Opp. at 4, ECF No. 36.)

Plaintiff's individual negligence claim need not be dismissed for failure to allege individual damages stemming from Defendant's negligence. Defendant primarily complains that Plaintiff's FAC is confusing because it alleges multiple duties owed to Mrs. Dorety and alleged breaches of those duties, "all of which are irrelevant" to a claim for loss of consortium. (Reply at 5, ECF No. 37.) But confusion does not warrant dismissal on Rule 12(b)(6) grounds. That said, the Court has already dismissed Plaintiff's Complaint without prejudice on other grounds. Should Plaintiff file an Amended Complaint, the Court encourages Plaintiff to clarify the basis for her individual claims against Defendant.

### C.   Whether Plaintiff's FAC is an Impermissible Shotgun Pleading

Finally, Defendant argues that the FAC is an impermissible shotgun pleading because both of Plaintiff's claims incorporate by reference each of the preceding paragraphs of the FAC. Although "[t]his practice has been harshly criticized[,]" the Court does not find that it requires dismissal here.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03507-RGK-SK | Date | September 17, 2020 |
|---|---|---|---|
| Title | ***Susan Dorety v. Princess Cruise Lines Ltd.*** | | |

*Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2008 WL 4810770, at \*3 (E.D. Cal. Nov. 3, 2008), *aff'd sub nom*. 630 F.3d 952 (9th Cir. 2011). The FAC gives Defendant fair notice of the allegations against it.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS in part** Defendant's Motion. Any amended Complaint must be filed within **10 calendar days of this Order's issuance**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer          jre